IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>SHEILA B. BARBER, a/k/a Sheila B.  )<br>Kremer and RICK R. KREMER,  )<br>  )<br>  Defendants.  ) | CASE NO. 8:05CV160<br><br>JUDGMENT AND<br>DECREE OF FORECLOSURE<br>AND ORDER OF SALE<br>(amended*) |

This matter is before the Court on the Plaintiff's Motion for Summary Judgment (Filing No. 15). The Clerk entered default against Defendant Rick R. Kremer on July 22, 2005 (Filing No. 8), and Kremer has made no appearance since the entry of default. Only Sheila B. Barber ("Barber") had filed a response in opposition to the motion for summary judgment. Both the Plaintiff, United States of America, and Barber have submitted briefs and indexes of evidence in support of their respective positions. For the reasons stated below, the Plaintiff's Motion will be granted.

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

*(\*The amendment is necessary to identify the post-judgment interest rate.)*

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56 (c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

## JURISDICTION

The Court has jurisdiction of these proceedings pursuant to 28 U.S.C. § 1345.  I find that due and legal notice of the pendency of this action has been given, and the Court has acquired jurisdiction of all the parties.

**DISCUSSION**

On or about December 1, 2000, Barber executed and delivered to Plaintiff, acting through the Farmers Home Administration of the United States Department of Agriculture, now "Rural Housing Service" or "Rural Development," a promissory note whereby she promised to pay the Plaintiff the sum of $65,600.00 with interest thereon at 6.875 percent per annum, in consideration for a loan in that principal amount. (Affidavit of E. Scot Blehm, State Director of Rural Development, Filing No. 16-2 ("Blehm Aff."), ¶ 2 and Ex. A to Aff.). To secure payment of the note, Barber executed and delivered to the Plaintiff a real estate mortgage on the following property: Lot Three (3) and Four (4), Block Eleven (11), Original Town of Ravenna, Buffalo County, Nebraska. (Blehm Aff. ¶ 3 and Ex. B to Aff.). Barber defaulted on the terms of the promissory note by failing to pay installments of principal and interest when due, and by failing to pay real estate taxes in violation of the terms of the note and mortgage. (*Id.* ¶ 6). The amount due Plaintiff is the first lien on the above-described property in Ravenna, Buffalo County, Nebraska. The Plaintiff accelerated the indebtedness and made demand for payment in full, but no payment was made. (*Id.*). As of December 30, 2005, Barber owed the Plaintiff $63,276.93 in principal; $6,989.46 in interest, with interest accruing thereafter at the daily rate of $11.9063; and $5,709.48, representing an interest credit subsidy subject to recapture. (*Id.* ¶ 7).

Barber's brief in opposition to the Plaintiff's motion for summary judgment (Filing No. 22) consists of a concise, two-sentence statement:

> Plaintiff's evidence shows that a material question of fact exists as to the correct amount of the claimed damages. In particular, there is a question of fact as to whether (1) Plaintiff's claimed amount reflects a credit for the amount of Defendant's 2004 tax return (in the approximate amount of $2,600.00) which was seized by the Federal government to apply toward Defendant's mortgage balance; (2) Plaintiff's claimed balance reflects a

3

>reduction in interest rate to 2.9% per a notice received by Defendant from the Federal agency handling her loan; and (3) whether Plaintiff is entitled to a recapture of the interest credit subsidy in the amount of $5,709.48.

In Barber's Affidavit (Filing No. 25), she contends that she does not owe the Plaintiff the total amount claimed because (1) the amount claimed does not reflect a credit for an income tax refund in the approximate amount of $2,600.00 seized by the Plaintiff, (2) the amount claimed does not reflect a credit for an interest rate reduction to 2.9 percent offered by the Plaintiff to Barber at an unspecified time, and (3) Barber has requested and will again request a waiver of the interest credit subsidy subject to recapture, *i.e.*, $5,709.48.

Barber's brief in opposition to the Plaintiff's motion for summary judgment does not comply with NECivR 56.1(b)(1). That fact alone provides a basis for the Court to accept as true the facts that are properly alleged and documented in the Plaintiff's brief and index of evidence. Nonetheless, the Plaintiff submitted a reply brief (Filing No. 29) and an additional index of evidence (Filing No. 30), addressing each of the concerns raised in Barber's affidavit. Specifically, the Plaintiff has credited to the principal balance owed by Barber the $2,589.00 seized from her tax refund effective February 17, 2005 (Affidavit of Byron L. Fischer, Acting State Director of Rural Development, Filing No. 30-2 ("Fischer Aff."), ¶ 3); the interest rate on Barber's loan was reduced from 6.875 percent to 2.0 percent on January 1, 2001, and further reduced to 1.0 percent from April 1, 2001, through March 31, 2003, for a total "subsidy" of $5,709.48 (Fischer Aff. ¶ 5); and the Subsidy Repayment Agreement signed by Barber on December 1, 2000, provided for the recapture of the subsidy when she failed to occupy the home (Fischer Aff. Ex. J). Barber acknowledged in her own affidavit that she vacated the home on June 30, 2004, although former

4

Defendant Rick Kremer continued to reside there until forcibly removed by the county sheriff pursuant to court order on January 7, 2006.  The fact that Barber may seek a "waiver" of the recapture of the subsidy does not create a genuine issue of material fact with respect to the amount owed on the promissory note.

To summarize, I find that there is due and owing to the Plaintiff as of December 30, 2005, the principal sum of $63,276.93, plus accrued interest in the amount of $6,989.46, together with interest accruing at the rate of $11.9063 per day from December 30, 2005, until the date of entry of this decree, plus $5,709.48 interest credit or subsidy.  Interest will accrue on the sums from and after the date of entry of this decree at the legal rate of 4.74 percent computed daily and compounded annually until paid in full.

Accordingly, the Court finds that the Plaintiff's motion for summary judgment should be granted, and that judgment should be entered for the Plaintiff for the relief requested. I conclude that the Plaintiff is entitled to a Decree of Foreclosure and Order of Sale as prayed, and that the premises above-described will sell to the best advantage in one entire tract.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. The Plaintiff's Motion for Summary Judgment (Filing No. 15) is granted;
2. Judgment is entered against defendant Sheila B. Barber a/k/a Sheila B. Kremer, and Defendant Rick R. Kremer.
3. The above and foregoing findings are hereby made a part of this decree and order and by this reference incorporated herein;
4. If the costs indicated below and the several amounts above found due and interest thereon are not paid within twenty (20) days of the date of this

5

judgment and decree, then all equity of redemption in the premises shall be foreclosed and the premises sold as upon execution in one entire tract;

5. The Plaintiff shall apply for and the Clerk of the United States District Court shall issue an Order of Sale;

6. The United States Marshal for the District of Nebraska shall thereupon advertise and sell, according to law, the aforementioned property;

7. As upon execution, the United States Marshal shall report his proceedings under this Decree and Order to this Court and shall deposit the proceeds of the sale, if any, into the Registry of the Court;

8. Upon confirmation of the sale, the Clerk shall apply the proceeds as follows:

   a. First, to the payment of the costs of the Plaintiff, and to the United States Marshal for service of Summons and Complaint and execution of Order of Sale;

   b. Second, to the payment of the amount found due the Plaintiff with interest thereupon according to law;

   c. Third, to the payment of the costs of the United States Marshal for per diem and special requirements;

   That the Clerk shall retain in the Registry of the Court any surplus from the sale until further order of the Court.

9. That the aforementioned costs will be determined, after confirmation of sale, pursuant to the procedures described in Rule 54.1 of the Local Rules of the United States District Court for the District of Nebraska; and

10. Upon confirmation by the Court of the sale of the aforementioned real estate, the United States Marshal shall execute a deed to the purchaser(s); and the parties of this Decree and Order and all persons claiming under them are ordered to deliver possession of the real estate to such purchaser(s).

Dated this 16th day of March, 2006.

                                        BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Court